## SUPREME COURT—IN BANCO.

### APRIL TERM—1874.

*Allen, Ch. J., Harris and Judd, J. J.*

THE KING *vs.* JOHN ASEGUT, ET AL.—APPEAL FROM· THE CIR-
CUIT COURT OF THE THIRD JUDICIAL CIRCUIT.

IN A prosecution for illegal rescue of cattle from a government pound,
there must be evidence that such pound has been established in
accordance with the statute provisions. It is sufficient if the gov-
ernor of the island have recognized and adopted the enclosure
already set apart for that use, but it is requisite that legal notice be
given thereof by newspaper publication. Long user might be
taken as evidence that a notice according to the statute had been
given.

Chief Justice ALLEN delivered the opinion of the Court as
follows :

This is an indictment against the defendant, under the
statute for obstructing and perverting justice.

The charge was that the defendant had illegally rescued
cattle from a government pound with intent to defeat a seiz-
ure. A trial by jury was had at the Circuit Court of the
Third Judicial Circuit, and a verdict of guilty was rendered.
It appeared by the evidence of Mr. Frank Spencer, that the
old pound was at Puuloa, and that he had put the pound
where it now is, on his own responsibility.

He further testified, that he had leased the pound to Ulii,
the pound-keeper for one year. He says further, "I don't
think the governor knew about the removal of the pound.
It was done on my authority. I do not know that the gov-
ernor ever published the place as the pound, but he recog-
nized it as such, and arranged for repairing the wall."

After the evidence was closed, the counsel for the defendant requested the Court to charge the jury that there was no evidence that the pound had been established according to the provisions of Section 231 of the Civil Code, which are in these words :

"It shall be the duty of the Minister of the Interior through the several governors, to construct and set apart a suitable enclosure, or enclosures, in each district of their respective islands for the impounding of estrays, and he shall give notice of their location and extent in some public newspaper."

The Court refused the instruction as requested, but did instruct the jury to regard the pound in question as a government pound, to which ruling the counsel excepted.

The minister acts through the governors in establishing pounds, and in this instance the governor recognized the enclosure in question as the pound, and complied with the code to this extent, for it is of no consequence whether he constructs and sets apart a suitable enclosure in the first instance, or recognizes and adopts one already made. It is contended further that notice should be given of the location and extent in some public newspaper, as required by the statute, and that this provision is mandatory and not directory, as maintained by the Attorney General.

Lord Mansfield said that " whether the statute was mandatory or not depended upon whether the thing directed to be done was the essence of the thing required."

In the case of People *vs.* Schermerhorn, 19 Barb., the Court say, " that when a power to affect property is conferred by statute upon those who have no personal interest in it, such power can be exercised only in the manner and under the circumstances specified, the power must be strictly pursued."

Chief Justice Shaw, in a case involving the legality of a tax under the provisions of a statute said, " One rule is very plain and well settled, that all measures which are intended

for the security of the citizen ; for securing an equality of taxation, and to enable any one to know with reasonable certainty, for what real and personal estate he is taxed, are conditions precedent, and if they are not observed, he is not legally taxed, and he may resist it in any of the modes authorized by law for contesting the validity of the tax.''

When the rights of a party are affected by a proceeding under statute authority, the mode of proceeding directed is mandatory, and must be strictly complied with, or the proceeding will be utterly void.

By the Penal Code, a heavy penalty is imposed on a person who rescues a thing that is under legal seizure, with intent to defeat such seizure.   In this case the respondent is liable to the penalty, if the cattle were impounded in an enclosure, set apart for that purpose, of which due notice was given in a public newspaper.   The statute requires that notice shall be given to the public, but in this case, no evidence was introduced that it was so given.   The responsibility of rescuing cattle from a government pound, of which legal notice has been given, or from the enclosure or fields of individuals, is very different.   The one is punished by a severe penalty, and in the other case the party is mulcted in damages as a trespasser.   Hence the public have a right to be informed, in the mode prescribed by law, of the establishment of government pounds.   A person might take the responsibility in the one case, and decline to take it in the other.

It is a penal law in its consequences, and should be construed strictly.

This notice is intended for the security of the subject, both for his liberty and his property, and while all the authorities sustain the doctrine, that where one may be divested of his estate by a proceeding under statute authority, the mode of proceeding is mandatory, and must be strictly complied with ; it is more incumbent on the Court to enforce the rule when the liberty of the subject is involved.

Long user might be taken as evidence that a notice according to the statute had been given. But in this case, there is evidence that no notice had been given at the beginning of the user, and there is no evidence that notice has been given since.

The true intent and object of this provision of the statute was that the public should have notice of the establishment of the pound, and this being the case, it should be given as prescribed, and as it was not so given, the exception is sustained, and a new trial ordered.

The Attorney General for the Crown.

W. C. Jones for the exceptions.

Honolulu, April 29th, 1874.